## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

SUSAN E. PRICE,                         )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )    Case No. 6:20-cv-3137
                                        )
MERCY HEALTH SYSTEM, LIZ BERMAN,        )
DAREN HONEYCUTT, and                    )
KIMBERLY PETERIE,                       )
                                        )
                    Defendants.         )

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Mercy Hospital Springfield, improperly named as Mercy Health System (hereinafter "Mercy"), Liz Berman, Daren Honeycutt, and Kimberly Peterie (collectively "Mercy or "defendants"), by and through counsel, and subject to all of their defenses, including Rule 12 defenses, file this Notice of Removal, hereby removing this case from The Circuit Court of Greene County, Missouri, to the United States District Court for the Western District of Missouri, Southern Division, and respectfully show the Court the following:

### A. State Court Action

This action was originally filed by plaintiff Susan E. Price ("plaintiff") against defendants in The Circuit Court of Greene County, Missouri, Case No. 1731-CC00208. In her original Petition plaintiff only brought claims under the Missouri Human Rights Act, RSMo. § 213, *et seq.*, ("MHRA"), alleging discrimination on the basis of sex and retaliation in violation of the MHRA. Plaintiff made no mention of medical leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA"). *See* Plaintiff's Petition, Exhibit A-1, contained in the state court file attached hereto as Exhibit A. Plaintiff also made no reference to being on a Performance Improvement Plan.

On April 8, 2020, plaintiff filed an Amended Petition stating she was on medical leave under the FMLA and that "Defendant normally, and by law, was to extend the 90 day period of the Performance Improvement Plan to take planitff's [sic] leave under the federal law of the Family Medical Leave Act into consideratino [sic]." *See* Plaintiff's Amended Petition, ¶¶ 19-20, contained in Exhibit A-3. Plaintiff also stated that defendants engaged in unlawful employment practices in violation of the MHRA by subjecting plaintiff to retaliation by not extending the time for plaintiff's Performance Improvement Plan by reason of her FMLA leave. *Id.* at ¶ 40(e).

On April 23, 2020, defendants answered plaintiff's Amended Petition and stated by way of affirmative defense that to the extent that plaintiff may attempt to bring, infer, or allege any rights or causes of action under the FMLA, or any obligations or requirements by defendants under the FMLA, that any such claims were irrelevant and untimely and that plaintiff should be barred from referring to, utilizing or attempting to rely on the FMLA in support of her claims. *See* Defendant's Answer to Amended Petition, Affirmative Defenses ¶ 15, contained in Exhibit A-3. On April 30, 2020, plaintiff filed a reply denying defendants' affirmative defenses. *See* Plaintiff's Reply to Defendants' Affirmative and Other Defenses to All Counts of Plaintiff's Amended Petition, contained in Exhibit A-3.

## B. Federal Question Jurisdiction

This action is removable under 28 U.S.C § 1331. Section 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff's action arises under the laws of the United States. Plaintiff alleges that she was granted leave pursuant to the Family Medical Leave Act ("FMLA") (29 U.S.C. § 2601 *et seq.*), and that defendants normally, and by law, were to extend plaintiff's Performance Improvement Plan under the FMLA and that defendants engaged in unlawful employment practices in violation of the MHRA by subjecting plaintiff to retaliation

2

by not doing so by reason of her FMLA leave. Although plaintiff attempts to disguise her FMLA claim under the MHRA, likely in an attempt to avoid removal to this Court, since plaintiff purports to have an action under the FMLA including her claim that she was retaliated against in violation of her FMLA rights, this Court has original jurisdiction over plaintiff's civil action because it arises under a federal law of the United States.

### C. Timeliness of Removal

Plaintiff's Amended Petition seeking to add allegations under federal law, specifically the FMLA, was filed on April 8, 2020. Defendants are hereby filing their Notice of Removal within thirty (30) days of the date of defendants' receipt of plaintiff's Amended Petition, which was filed on April 8, 2020, alleging the federal question issues discussed above. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b). Specifically, per 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

### D. Venue

Venue lies in the United States District Court for the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. §§ 1441 and 1391, because the state court action was filed in this district and this is the district in which the alleged action arose.

### E. State Court Documents Attached

Pursuant to the requirements of 28 U.S.C. § 1446(a), a docket sheet and copies of the documents filed in The Circuit Court of Greene County, Missouri, Case No. 1731-CC00208, are attached as Exhibits A, A-1, A-2, and A-3.

**F. Notice**

Pursuant to the requirements of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, defendants will give written notice thereof to plaintiff and will file a copy of this Notice of Removal with the Clerk of The Circuit Court of Greene County, Missouri, which shall effect the removal.

WHEREFORE, defendants, without waiving any defenses to the claims asserted by plaintiff, including without conceding that plaintiff has pleaded claims upon which relief can be granted, and without admitting that plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought), hereby incorporates by reference all defenses, including without limitation, substantive and procedural defenses, which have or may be asserted in its answers, defenses, or other responsive pleadings to be filed in this action, and prays that the United States District Court for the Western District of Missouri, Southern Division, accepts this Notice of Removal, assumes jurisdiction of this cause, and that the Court issues such further orders and processes as may be necessary.

Respectfully submitted,

BAIRD LIGHTNER MILLSAP, P.C.

By _/s/ Tina G. Fowler_____
    Tina G. Fowler
    Missouri Bar No. 48522
    tfowler@blmlawyers.com

    Katherine A. Thompson
    Missouri Bar No. 65076
    kthompson@blmlawyers.com

    1901C South Ventura
    Springfield, Missouri 65804
    Telephone: (417) 887-0133
    Facsimile (417)887-8740
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was sent to:

      Jerry M. (Jay) Kirksey
      Kirksey Law Firm, LLC
      711 S. Albany Avenue
      Bolivar, Missouri 65613
      jmkirksey@kirkseylawfirm.com

via electronic filing transmission on this 7th day of May, 2020.


                              /s/ *Tina G. Fowler*
                              Tina G. Fowler

Case 6:20-cv-03137-BP   Document 1   Filed 05/07/20   Page 5 of 5