IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRCIT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN E. PRICE, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 6:20-cv-03137 |
| MERCY HEALTH SYSTEM ET AL, | § § § | |
| Defendants, | § § | |

**MOTION TO REMAND TO STATE COURT AND RESPONSE/OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL**

**COMES NOW** Plaintiff, by and through her attorney of record, Jerry M. Kirksey, and for her Response/Objection and Motion to Remand, states:

Defendant has removed this case asserting the Amended Petition of plaintiff presents a federal question pursuant to 28 U.S.C. § 1331. The Eighth Circuit has instructed that "[i]n every federal case the [district] court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.,* 445 F.3d 1046, 1050 (8th Cir.2006). Courts are to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987). Defendants, as the parties invoking jurisdiction, bear the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).

Further, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). *See also Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir.2000). "Federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction had the suit initially been filed in federal court." *Krispin v. May Dep't Stores Co.,* 218 F.3d 919, 922 (8th Cir.2000) (citing 28 U.S.C. § 1441(b)). "Removal based on federal question jurisdiction, as in this case, is generally governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Krispin,* 218 F.3d at 922. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On February 14, 2017, Plaintiff filed her Petition setting forth claims under the Missouri Human Rights Act. As reflected by the legal file, this case has an extensive history in state court including discovery[1], scheduled trial dates as continued, court hearings, and the case is currently being set for trial November 30th thru December 4, 2020 in the Circuit Court of Greene County. (See Casenet and legal File Exhibit A to Defendant's Notice)

On April 8, 2020, the state court granted plaintiff leave to file her Amended Petition. Mercy seeks removal by misconstruing the Amended Petition to assert there exists federal jurisdiction of an "action under the FMLA." The assertion is baseless. There exists no claim

---

[1] Plaintiff and defendant have engaged in extensive discovery in the form of a First Set of Interrogatories to Defendant Mercy, First Set of Interrogatories to Defendant Berman, First Set of Interrogatories to Defendant Honeycutt, First Set of Interrogatories to Defendant Peterie, First Request for Production to Defendant Mercy, First Request for Production to Defendant Berman, First Set of Request for Production to Defendant Honeycutt, First Set of Request for Production to Defendant Peterie, Second Set of Interrogatories to Defendant Mercy, Plaintiff's Second Set of Interrogatories to Defendant Mercy Health System; Plaintiff's Second Set of Interrogatories to Defendant Liz Berman, Plaintiff's Second Set of Interrogatories to Defendant Kimberly Peterie, Second Set of Request for Production to Defendant Mercy and a Third Set of Interrogatories to Defendant Mercy and the depositions of plaintiff and Defendant Honeycutt and Peterie.

under the FMLA in the Petition.  Contrary to the Notice filed by Mercy there is no claim in the Petition that plaintiff "was retaliated against in violation of her FMLA rights."

What the Petition does allege and claim are act in violation of the Missouri Human Rights Act.  Section 213.070(2) of the Missouri Human Rights Act provides in shall be an unlawful discriminatory practice:

(2) **To retaliate** or discriminate **in any manner** against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter;

In this regard, the Petition alleges multiple acts of retaliation ("in any manner") including Mercy failing to extend the time period of a retaliatory Performance Improvement Plan in consideration of plaintiff having taken FMLA leave (Paragraph 40(e)), and that "Defendant normally, and by law, was to extend the 90 day period of the Performance Improvement Plan to take plaintiff's leave under the federal law of the Family Medical Leave Act into consideration."  (Paragraphs 19 and 20).    Again, there is no claim stated under the federal law of the Family Medical Leave Act ("FMLA).

The fact that the Amended Petition was not making a claim under the FMLA was specifically discussed and conceded by plaintiff at the hearing on April 8th .  As stated herein and discussed at the hearing, defendant's failure to extend the PIP in consideration of the FMLA is a retaliatory acts alleged to violate the Missouri Human Rights Act.[2]

---

[2] During the hearing on April 28th, Mercy Counsel correctly noted to the court that the Statute of Limitations barred such a claim under the FMLA. The **statute** of **limitations** for an **FMLA** violation is "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, where an employer engages in a "willful violation" of the **FMLA**, the **statute** of **limitations** is extended to three years. 29 U.S.C. § 2617(c)(2).

Mercy seemingly concedes that no claim has been asserted by plaintiff under the FMLA. In it's Notice, Mercy states that in answer to the Petition it filed an affirmative defense stating "to the extent that plaintiff **may attempt** to bring, infer or allege any rights or causes of action under the FMLA …. That any such claims are irrelevant and untimely …." See Defendant's Answer to Amended Petition Affirmative Defenses.

In summary, plaintiff is NOT making a claim under the FMLA. The Amended Petition does NOT state a claim under the Family Medical Leave Act. Mercy understood as part of the granting of the Amended Petition that no such claim was made under federal law. The Affirmative Defense filed by Mercy concedes no such claim has been made. Mercy not having taken plaintiff's FMLA leave into consideration is an act of retaliation under the MHRA ( which prohibits retaliation "in any manner") is not tantamount to plaintiff making a "claim" under the FMLA.

The Eighth Circuit holds that a district court is required to resolve an ambiguity as to whether removal is proper in favor of State court jurisdiction, and that "removal jurisdiction must be narrowly construed in favor of the nonmoving party." *Arnold Crossroads,* 751 F.3d at 740 (citing *In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993)). As the party seeking removal and opposing remand, Mercy has the burden of establishing federal subject matter jurisdiction. *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 n. 13 (8th Cir.1978). The court is to resolve all doubts about federal jurisdiction in favor of remand. *See Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). Given the above, Mercy has not shown it's removal notice meets the statutory requirements. There exists no federal question

jurisdiction under 28 U.S.C. Sec. 1331. This Court lacks subject matter jurisdiction over the claims in the Amended Petition. Therefore, the matter should be remanded to the state court.

Lastly, Mercy has known from the outset of this case of plaintiff's FMLA leave and Mercy not taking the leave into consideration in extending the period of the PIP. The filing of the Notice is untimely under 28 U.S.C. § 1446(b).

/s/Jay Kirksey

_____

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**Kirksey Law Firm, LLC**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com