IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 20-03137-CV-S-BP |
| | ) |
| MERCY HOSPITAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND FOR LACK OF JURISDICTION AND REMANDING CASE TO THE CIRCUIT COURT FOR GREENE COUNTY, MISSOURI

Defendants removed this case to federal court, asserting that jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. (Doc. 1, pp. 2-3.) Pending is Plaintiff's Motion to Remand, (Doc. 10), which contends that this case does not arise under federal law within the meaning of § 1331. After considering the parties' arguments, the Court concludes that it lacks jurisdiction and **GRANTS** the Motion to Remand.

### I. BACKGROUND

This case was originally filed in state court in February 2017; Plaintiff initially asserted only state claims and diversity of citizenship was lacking, so federal jurisdiction was lacking at that time. In April 2020, the state court approved Plaintiff's filing of an Amended Petition. (Doc. 1-5, pp. 2-9.) Defendants believe a claim arising under federal law was asserted in the Amended Petition, thereby creating federal jurisdiction under 28 U.S.C. § 1331.

As relevant to this issue, the Amended Petition alleges that Plaintiff complained of sexual harassment in the workplace. (*E.g.,* Doc. 1-5, p. 3, ¶¶ 9-11, 15.) Thereafter, she was subjected to various forms of retaliation, including being placed on a Performance Improvement Plan, ("the PIP"). (*Id.* p. 3, ¶¶ 13-15, 16.) The PIP required her to accomplish certain objectives within ninety

days, which would have required completion by March 5, 2015. (*Id*. pp. 3-4, ¶¶ 16, 18.) However, she was on leave pursuant to the Family Medical Leave Act, ("the FMLA"), for approximately one month, and Defendant did not extend the time for Plaintiff to complete the PIP; thus, she did not have the full ninety days she was promised to complete the PIP. (*Id*. p. 4, ¶ 20.)

Count I asserts a claim for discrimination under the Missouri Human Rights Act, ("the MHRA"). Count II asserts a claim for retaliation under the MHRA. Count II identifies several retaliatory acts, including an allegation that Defendants retaliated by not allowing Plaintiff a full ninety days to complete the PIP in light of the time she lost due to her FMLA leave. (*Id.* pp. 7-8, ¶ 40(e) - (i).) After the Amended Petition was filed, the state court held a status hearing. A transcript of that hearing has not been provided, but the parties agree that during the hearing Plaintiff affirmatively stated that she was not asserting an FMLA claim. (Doc. 10, p. 3; Doc. 11, p. 2.)

Plaintiff argues that her claims are based on the MHRA, so there are no federal claims and the case must be remanded for lack of jurisdiction. Defendants contend that the Amended Petition arises under federal law because (1) Plaintiff's retaliation claim depends on proving a violation of the FMLA, (2) Plaintiff has argued that any FMLA claim she may have is not time-barred and (3) the statute of limitations on her MHRA claim is affected by the FMLA. The Court resolves the parties' arguments below.

## II. DISCUSSION

A case can be removed from state court to federal court if the case falls within the federal court's jurisdiction. 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. It is well-established that a suit arises under the law that creates the cause of action. *E.g., Atlantic Richfield*

2

*Co. v. Christian*, 140 S. Ct. 1335, 1349-50 (2020); *Gunn v. Minton,* 568 U.S. 251, 257 (2013); *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 808 (1986). Plaintiffs' claims all assert state causes of action; there are no federal causes of action. However, this does not foreclose the possibility that they can be construed as also arising under federal law. *Merrell Dow*, 478 U.S. at 808-09. There is a "special and small category" of instances in which state claims are deemed to arise under federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006); *see also Merrell Dow,* 478 U.S. at 808 (the "vast majority" of cases are determined by rule that "suit arises under the law that creates the cause of action"). The exception occurs when state claims "nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005).

In *Gunn* – its most recent decision on the subject – the Supreme Court synthesized its prior holdings and identified four requirements for a state claim to arise under federal law. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton,* 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 314 (2005). Here, the Court does not believe that the Amended Petition "necessarily raises" any issues under the FMLA or that any federal issues are "substantial," as these concepts are defined by *Merrell Dow*, *Grable*, and *Gunn*.

### A. "Necessarily Raised"

For the federal issue to be "necessarily raised," the plaintiff's success on the state claim must depend on the plaintiff's ability to prove a violation of federal law. *See Gunn*, 568 U.S. at

259; *Merrell Dow*, 478 U.S. at 809.  None of Defendants' three theories demonstrate that the MHRA retaliation claim depends on proof of an FMLA violation.

First, Defendants claim that "the federal question on the face of plaintiff's Amended Petition is whether [they] interfered with her FMLA leave by failing to extend" the time for her to complete the PIP.  (Doc. 11, p. 2.)  However, the Amended Petition does not allege that Defendants retaliated against Plaintiff by denying or interfering with her FMLA rights.  It alleges that Plaintiff was given ninety days to complete the PIP but she was not permitted the full 90 days because she was on approved leave during that period of time.  Defendants then retaliated by not affording her the full ninety days.  This claim does not require proof establishing why she was on leave, much less that her FMLA rights were violated.  The fact that her leave was based on rights granted by the FMLA does not necessarily require resolution of any claims under the FMLA.

Second, Defendant's contend that "plaintiff continues to maintain that an FMLA claim is viable."  (Doc. 11, p. 2.)  However, the fact that Plaintiff may be able to assert an FMLA claim does not mean that she has asserted one.  Until she asserts an FMLA claim, there will be no need for the state court to resolve anything about the FMLA.

Finally, Defendants rely on plaintiff's argument that because there was an FMLA violation the statute of limitations under the MHRA should be extended.  (Doc. 11, pp. 2-3.)  Even if this is what Defendant argued to the state court, the fact that Plaintiff may rely on the FMLA to argue about the statute of limitations under the MHRA does not mean that the Amended Petition raises any issue about the FMLA.  Arguments related to the statute of limitations involve a defense by the defendant; defenses are not part of a well-pleaded complaint and thus cannot give rise to federal jurisdiction.  *E.g.*, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12-13 (2003); *see also Atlantic*

*Richfield*, 140 S. Ct. at 1350 n.4. Therefore, the Amended Petition does not raise this issue, much less "necessarily raise" it.

For these reasons, the Court concludes that the Amended Petition does not "necessarily raise" a federal question.

### B. "Substantial"

The Court concludes that even if the Amended Petition raised a federal issue, it would not be "substantial" within the meaning of *Merrell Dow*, *Grable*, and *Gunn*. The mere fact that a state claim incorporates a violation of federal law is insufficient to demonstrate that the federal issue is "substantial." This is established in *Merrell Dow,* where a plaintiff asserted a negligence *per se* claim predicated on the defendant's violation of the Food, Drug and Cosmetic Act, ("the FDCA"). The federal issue was necessarily raised and disputed, but "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." *Merrell Dow,* 478 U.S. at 817.[1] The Supreme Court reached a similar conclusion in *Empire Healthchoice,* stating that its cases had "emphasized that it takes more than a federal element to open the 'arising under' door." *Empire Healthchoice,* 547 U.S. at 701 (quotation omitted).

*Gunn* confirms this conclusion. In *Gunn*, the plaintiff asserted that an attorney had committed legal malpractice while representing him in a patent lawsuit. The plaintiff's success on the malpractice claim required him to prevail on a federal issue – whether the attorney's alleged failure to assert certain arguments based on patent law would have altered the patent lawsuit's

---

[1] While there is private right of action under the FMLA, that fact is not dispositive and has no bearing on whether the federal issue is substantial. The presence of a private right of action is relevant to the fourth requirement under *Gunn*: whether assuming jurisdiction over a state cause of action disrupts the balance between state and federal courts envisioned by Congress.

5

Case 6:20-cv-03137-BP   Document 21   Filed 07/08/20   Page 5 of 8

outcome. This federal issue was disputed; nonetheless, the Supreme Court concluded that the federal issue was not substantial and faulted the lower court for "focus[ing] in the importance of the issue to the plaintiff's case and to the parties before it." *Gunn,* 568 U.S. at 260. *Gunn* reiterated that substantiality cannot be based solely on the case at hand; otherwise, the requirement would be satisfied every time a federal issue is raised and disputed, rendering the requirement meaningless. *Id.*

Substantiality is established by examining for some external effect from resolution of the federal issue. And it is not just any external effect that will suffice. "The substantiality inquiry . . . looks instead to the importance of the issue *to the federal system as a whole.*" *Gunn,* 568 U.S. at 260 (emphasis added). The federal issue in *Grable* – the validity of IRS regulations regarding the sale of taxpayers' assets – was important to the federal system as a whole and thus was substantial.[2] In *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180 (1921), the state claim depended on determining the validity of federally-issued bonds.[3] No similar external effect on "the federal system" is suggested or established here.

The necessary external effect is not established by pointing to the federal courts' greater experience with federal law or the desire for uniform interpretation of federal law, because these considerations are always present. *E.g., Gunn,* 568 U.S. at 263; *Merrell Dow,* 478 U.S. at 815-16. "[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' . . . jurisdiction, even if the potential error finds its root in a

---

[2] In *Grable,* a taxpayer was sent notice via certified mail that his property was to be sold to satisfy his tax obligations. The taxpayer asserted a quiet title claim against the eventual purchaser, alleging that the sale was void because the regulation permitting notice via certified mail was contrary to the enabling statute.

[3] In *Smith,* a shareholder sued a corporation, alleging that its purchase of certain federally-issued bonds was *ultra vires* because the bonds were invalid, and the corporation was not authorized to purchase invalid bonds. *Grable* described *Smith* as "the classic example" of a state claim arising under federal law. *Grable*, 545 U.S. at 312.

6

misunderstanding of [federal] law." *Gunn,* 568 U.S. at 263. There must be something specific about the federal issue that suggests an importance beyond the parties that justifies resort to the *federal* courts instead of allowing state courts to resolve the state cause of action.

Here, none of Defendants' arguments demonstrate the necessary external effect on the federal system. Even if Plaintiff's MHRA retaliation claim requires her to prove a violation of the FMLA (which, as noted in Part II.A, it does not), there is no external effect and certainly no effect on the federal system as a whole. In that regard, the case is no different than *Merrell Dow*, where the plaintiff's negligence per se claim required proof that the defendant violated the FDCA. The debate over whether an FMLA claim would be time-barred is not substantial until Plaintiff actually raises an FMLA claim. Finally, even if Plaintiff is contending that the FMLA's statute of limitations affects the MHRA's statute of limitations (and even if that issue appeared in a well-pleaded complaint), whether it does is purely a question of state law and is not substantial.

Defendants point to the Eighth Circuit's decision in *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.,* 559 F.3d 772 (8th Cir. 2009), but that case does not dictate a different result. *Pet Quarters* was decided before *Gunn*. Even so, it appears that the outcome in *Pet Quarters* would likely be the same. In that case, the federal question was substantial because it implicated the SEC's approval of certain stocktrading programs; the suit alleged the approval was invalid because the programs were anticompetitive. *Pet Quarters,* 559 F.3d at 779. Thus, resolution of the state issue raised a federal issue that had external effects that were significant to the federal system as a whole. The case at bar does not raise any such issues.

7

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction in this matter.  The Motion to Remand is **GRANTED** and the case is remanded to the Circuit Court for Greene County.[4]

**IT IS SO ORDERED.**

DATE:  July 8, 2020

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] In light of this holding, the Court will not address Plaintiff's Motion for Leave to File Second Amended Complaint. That motion will remain pending for resolution by the state court on remand.